VOGL MEREDITH BURKE & STREZA LLP
Emily Fowler [SBN 258152]
456 Montgomery Street, Suite 1300
San Francisco, California 94104
Telephone:  (415) 398-0200
Facsimile:  (415) 398-2820
Email:  efowler@vmbllp.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROXANA YANIRA FLORES, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation; and DOES 1 to 100, Inclusive,<br><br>Defendants. | Case No. 5:24-cv-04200-EKL<br><br>Judge: Hon. Judge Eumi K Lee<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such

material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraphs 2 and 3 above ("Designated Material") shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Designated Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Designated Material. Upon dissemination of any Designated Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Designated Material, and (2) the identity of the Designated Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request at the termination of the lawsuit.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Designated Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential – Attorneys Only" pursuant to paragraph

3 above. When Designated Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the exhibits shall be given to the deponent.

9. With respect to any communications to the Court, including pleadings, motions, or other papers, if such documents contain Designated Material, the party seeking to file under seal must comply with Civil Local Rule 79.5. Specifically, the party must file an Administrative Motion to File Under Seal pursuant to Civil L.R. 7-11 at the same time as the submission of the document. Any Designated Material that is filed under seal must be accompanied by a specific statement of the applicable legal standard, reasons for sealing, and why a less restrictive alternative to sealing is not sufficient. The party must also provide evidentiary support from declarations and file a narrowly tailored proposed order identifying the material to be sealed in a table format.

10. The Clerk of the Court shall maintain all documents ordered sealed in accordance with Rule 79-5, in a sealed envelope or other appropriate container, which shall bear the case caption and a statement indicating that the contents are confidential and subject to a Court order. Access to such sealed materials shall be governed by further order of the Court, and parties may move to unseal documents pursuant to the procedures outlined in Rule 79-5(g).

11. If a non-designating party is subpoenaed or ordered to produce Designated Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Designated Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Designated Material.

12. If a party believes that any Designated Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days

after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" or "Confidential – Attorneys Only" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" or "Confidential – Attorneys Only" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Designated Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Designated Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Designated Material, and (2) confirmed that all such material has been returned to disseminating counsel.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO STIPULATED:

Dated: October 25, 2024                FARAHI LAW FIRM, APC

BY: /s/ Mainak D'Attaray
MAINAK D' ATTARAY
Attorney for Plaintiff
ROXANA YANIRA FLORES

Dated: October 25, 2024                VOGL MEREDITH BURKE & STREZA LLP

By: /s/ Emily Fowler
Emily Fowler
Attorneys for Defendant
TARGET CORPORATION

IT IS ORDERED:

Dated: November 1, 2024

_____
Judge



GRANTED
Judge Nathanael M. Cousins
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Roxana Yanira Flores v. Target Corp.,* Case No. 24-cv-04200, by the United States District Court, Northern District of California ("Court").

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

Dated: _____        _____
                                    Signature

                                    _____
                                    Printed Name

Subscribed and sworn to before
me this _____ day of
_____, 202__.
Witness my hand and official seal.

_____
Notary Public